JOHN G. and CONSTANCE L. D'AMATO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
D'Amato v. Commissioner
Docket No. 245-75.
United States Tax Court
T.C. Memo 1976-83; 1976 Tax Ct. Memo LEXIS 319; 35 T.C.M. (CCH) 356; T.C.M. (RIA) 760083; March 17, 1976, Filed *319 Held, petitioners are not entitled to a deduction in the amount of $10,000 for a newspaper article written by petitioner John G. D'Amato and purportedly donated to the National Archives. John G. D'Amato, pro se. Stephen R. Takeuchi, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency of $1,981.12 in petitioners' income tax for the year 1973 and an addition to tax under section 6653(a), I.R.C. 1954, [1] of $99.05. We must decide whether respondent correctly disallowed a $10,000 deduction claimed by petitioners as a charitable contribution; and if so, whether the resulting deficiency was due to negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and the stipulation together with associated exhibits is incorporated herein by this reference. Petitioners, John G. and Constance *321 L. D'Amato, are husband and wife and reside in Pittsburgh, Pa. They filed a joint Federal income tax return for the calendar year 1973 with the Philadelphia Service Center, Philadelphia, Pa. Constance L. D'Amato is a party herein solely by virtue of filing a joint return. Hereafter petitioner shall refer only to John G. D'Amato. On schedule A of the tax return petitioner claimed a miscellaneous deduction of $10,000 entitled "Donation of Historical Paper to the National Archives." This so-called "historical paper" was in fact a one-page article which had been written by petitioner in 1971 and published in the "Green Sheet," a local Pittsburgh weekly newspaper. The article purported to be a resolution to refuse to authorize employer withholding of Pennsylvania State income taxes from employee wages. In the article petitioner characterized the State income tax as an unconstitutional levy and stated a number of criticisms of the operation of the Pennsylvania State government. At the end of the article, one who agreed with the contents thereof and who pledged to adopt the resolution was directed to so indicate by completing the printed signature blank and returning the same to petitioner. *322 Petitioner claims to have donated this article to the National Archives of the United States by mailing said document to "National Archives, Washington, D.C." on December 26, 1973. By a statutory notice dated November 26, 1974, respondent disallowed petitioner's claimed deduction and determined that the resulting deficiency of $1,981.12 was caused by petitioner's negligence or intentional disregard of rules and regulations; consequently, he imposed an addition to tax of $99.05 under authority of section 6653(a). OPINION Petitioner claimed a miscellaneous deduction of $10,000 for an alleged contribution to the National Archives of an article written by him. Petitioner did not file a brief and in his testimony he did not specify any specific section of the Internal Revenue Code under which he claimed the deduction. A deduction is allowed for a charitable contribution by section 170 subject to numerous qualifications and limitations contained therein, and only if verified under prescribed regulations. We assume this is the section upon which petitioner relies. However, to resolve the controversy herein, we need not consider the qualifications and limitations of section 170 or *323 the provisions of any other section of the Code for petitioner has failed to adduce evidence showing error in respondent's determination. Rule 142, Tax Court Rules of Practice and Procedure, placed the burden on the taxpayer to prove that he is entitled to the deduction and the record is devoid of any evidence upon which we could base a finding for petitioner under any provision of the law. At trial, the only testimony offered by petitioner was his own and that consisted mainly of a general statement of his dissatisfaction with the manner in which the Federal Government is operated. Petitioner failed to prove that he actually made a gift. Pennsylvania law requires that in order to be completed a gift must be delivered in such a manner as to divest the donor of dominion over the property and invest the donee therewith. Titusville Trust Co. v. Johnson,375 Pa. 493, 100 A.2d 93 (1953); Chadrow v. Kellman,378 Pa. 237, 106 A.2d 594 (1954). The only evidence offered by petitioner on this point was his testimony that he mailed the article to the National Archives and a "Receipt For Certified Mail" upon which he had written in the space indicating to *324 whom the mail was sent the words "National Archives, Washington, D.C." The receipt bore a postmark with the date "Dec. 26, 1973." On the other hand, respondent offered evidence that the National Archives had made a search of its records and found no record of the receipt of any gift offer from petitioner nor any correspondence with petitioner. Petitioner made no effort to comply with the requirements of section 1.170A-1(a)(2), Income Tax Regs., for substantiating contributions of property other than money. Furthermore, the document hardly qualifies as a private paper which the National Archives might accept, i.e., materials "that are appropriate for preservation by the Government as evidence of its organization, functions, policies, decisions, procedures, and transactions." 44 U.S.C. par. 2107. Petitioner also failed to prove that the document had any value at the time of the alleged contribution. [2]
See sec. 170(a)(1), I.R. *325 C. 1954; sec. 1.170A-1, Income Tax Regs. The only evidence offered which could remotely relate to value were statements petitioner purportedly received from individuals who had seen his article and who apparently agreed with petitioner in his dissatisfaction with the government of Pennsylvania. While petitioner is entitled to voice his opinions with reference to the State of Pennsylvania government and the methods of tax collections, in order to claim a deduction for Federal income tax purposes he must establish his entitlement thereto under the statutes as written. New Colonial Co. v. Helvering,292 U.S. 435 (1934). This petitioner has failed to do. Petitioner also had the burden of proving error in respondent's assertion of the negligence penalty imposed by Code section 6653(a). Estate of Mary Mason,64 T.C. 651, 663 (1975). Petitioner offered no evidence of error in respondent's determination of negligence. Accordingly, we sustain respondent's determination of the deficiency and addition to tax. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. Respondent correctly points out on brief that under the law, at best, only a nominal deduction would be permitted to the petitioner for a contribution of his own article. See secs. 170(e)(1)(A), 1221(3)(A), and 1231(b)(1)(C).↩